# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

50820 Schoenherr Road (FJ) Associates, LLC,

        Plaintiff,

v.

Family Fare, LLC, and SpartanNash Company, d/b/a Spartan Stores, Inc.,

        Defendants.

Case No. 17-10741

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

_____/

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STRIKE EXPERTS [18]**

This case is before the Court on defendants' motion for "an order striking the reports of plaintiff's experts and precluding them from testifying pursuant to Fed. R. Civ. P. 37(c)." (Dkt. 18 at 1.) Defendants allege that plaintiff has "repeatedly failed to comply with two of [the] Court's scheduling orders, by failing to provide timely damages expert reports containing and disclosing the information required by Fed. R. Civ. P. 26(a)." (*Id.*) For the reasons set forth below, defendants' motion is granted.

I.  **Introduction**

On March 7, 2017, plaintiff 50820 Schoenherr Road (FJ) Associates, LLC, filed suit against defendants Family Fare, LLC and SpartanNash Company for damages resulting from an alleged failure in February 2014 to surrender a commercial property in the condition required under their lease agreement. (Dkt. 1.) Plaintiff seeks "an unspecified amount of money damages in excess of $75,000, including the amount to repair the damages to the premises." (Dkt. 11 at 4.)

The parties filed a joint discovery plan on May 19, 2017, in which they agreed that plaintiff's expert disclosure(s) and report(s) would be provided no later than September 15, 2017. (*Id.* at 11.) The Court issued a scheduling order on May 30, 2017, establishing the September 15, 2017 deadline. (Dkt. 12.) Defendants served interrogatories on plaintiff in July 2017, seeking the total amount of damages claimed in the case (Interrogatory No. 2) and detailed information about each item of damages being claimed (Interrogatory No. 3). (Dkt. 18-2 at 3.) Plaintiff objected to Interrogatory No. 2, stating that it required an expert opinion, and that any damages report would be made available to defendant "upon receipt from its expert." (*Id.*)

On September 15, 2017, plaintiff provided defendants with a list of experts and a copy of a previously disclosed 2015 due diligence report.[1] (Dkt. 18 at 14.) On September 22, 2017, defendants sent plaintiff a letter outlining numerous alleged deficiencies with plaintiff's interrogatory responses, document production, and expert disclosure. (Dkt. 18-3.) Pursuant to the Court's Practice Guidelines, defendants requested a telephonic status conference after receiving no response to the deficiency letter. (Dkt. 18 at 15.) The status conference was held on October 11, 2017.

Following the status conference, the Court issued an amended scheduling order, establishing a deadline of October 18, 2017 for plaintiff to provide supplemental responses to defendants' interrogatories and

---

[1] The sixty-three page report is included, in its entirety, as Exhibit F to defendants' motion. (Dkt. 18-7.) It includes a four page "narrative" to introduce the report (*Id.* at 2–5), a one page excerpt of relevant lease references (*Id.* at 8), one page itemizing thirty-three "existing conditions" on the premises (*Id.* at 9), forty-nine pages of photographs (*Id.* at 10–58), and two estimates for repair work (*Id.* at 59–64). Defendants first received a copy of this report, without the narrative, in August 2015. (Dkt. 20-3 at 2.) In response to its receipt, defendants hired an individual to inspect and prepare an independent report on the condition of the premises. (*Id.*) The report prepared for the defendants includes additional excerpts from the lease agreement (*Id.* at 3) and its own assessment of the "larger dollar items" listed within plaintiff's report. (*Id.* at 4). The report concludes by stating that "[plaintiff's] report is factual, with respect to the conditions they observed, [but] it is clearly inconsistent with key provisions of the lease . . . " and asserts that any settlement payment in excess of $2500.00 would be "completely unreasonable." (*Id.* at 8.)

document production requests, and establishing an extended deadline of October 31, 2017 for plaintiff to provide its expert disclosure(s) and report(s).

On October 19, 2017, plaintiff provided supplemental interrogatory answers. In response to Interrogatory No. 2, which requested the "total amount of damages that Landlord contends it is owed in this litigation," plaintiff continued to object to the question by asserting that it "calls for an expert opinion." (Dkt. 18-4 at 3.) Subject to that objection, plaintiff referenced the 2015 report and, based on that report, asserted it is owed $180,486.98 plus attorney costs and fees. (*Id*.) In response to Interrogatory No. 3, plaintiff inserted a copy of the itemized list of damages from the 2015 report and asserted that "[t]he costs for the repairs to the Premises caused by the Plaintiff were included in the Tenant Improvement Allowance for the new tenant." (Dkt. 18-4 at 6.)

On October 26, 2017, plaintiff sent an email to the Court and requested an additional two-week extension to the previously extended October 31, 2017 deadline for expert disclosure(s) and report(s). The Court's case manager advised plaintiff that any further request for an extension would need to be set forth in a motion. (Dkt 18 at 17.) Plaintiff

did not file a motion, and on October 31, 2017, plaintiff provided disclosures and reports for two experts. (*Id.*) Defendants argue that the proffered reports fail to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B), and have brought the present motion seeking an order under Fed. R. Civ. P. 37(c) precluding plaintiffs from using the proffered reports.

## II. Analysis

An expert report "must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B). "An expert opinion must 'set forth facts' and, in doing so, outline a line of reasoning arising from a logical foundation." *Brainard v. Am. Skandia Life Assur. Corp.,* 432 F.3d 655, 657 (6th Cir. 2005). In this case, each of plaintiff's expert reports fails to meet the requirements of Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff's first report is from Jason Krentler regarding "the market rental rate of the subject property as of September 17, 2015." (Dkt. 18-5 at 3.) The report is included in its entirety as Exhibit E to defendants'

motion. (Dkt. 18-6.) The report concludes that the prevailing market rental rate for properties comparable to the property at 50820 Schoenherr Road was $8.00 to $10.00 per square foot. (*Id.* at 5.) The report contains a brief methodology section which states: "[t]he scope of our analysis included research around the following market indicators: (1) available comparable listings; (2) comparable lease transactions; (3) market participant interviews; . . . and the associated contract inputs." (*Id.* at 11.) The report is completely devoid of the underlying "facts or data" related to the comparable listings, comparable lease transactions, and/or market participants; only a summary of the conclusions is included. (*Id.* at 13.)

Plaintiff's second report supports the proffered testimony of Steve Laskowsi regarding the "alleged damages and cost of repairs to the Premises." (Dkt. 18-5 at 4.) The report is included in its entirety as Exhibit F to defendants' motion. (Dkt. 18-7.) As previously stated, the report includes an itemized list of thirty-three "existing conditions," a cost estimate for each of the items, and – in some cases – references to specific photographs documenting the damage. (Dkt. 18-7 at 9.) The report also includes repair estimates from two contractors: (1) a proposal

from Professional Sprinkler Inc., for new fire sprinkler heads for $1,100.00; and (2) a proposal from Level 1 HVAC Services, Inc., to remove walk-in coolers and freezers for $24,000.00 and to do preventative maintenance on the HVAC system for $5,890.00. (Dkt. 18-7 at 60–65.) The two proposals provide documentation for only three of the thirty-three items in the list of estimated damages. In addition, the report does not contain any "facts or data" or "exhibits" supporting *actual* incurred costs of repairs.

Fed. R. Civ. P. 37(c)(1) states that "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Furthermore, "Fed. R. Civ. P. 37(c)(1) requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or substantially justified." *R.C. Olmstead Inc., v. CU Interface, LLC,* 606 F.3d 262, 271 (6th Cir. 2010) (internal citations omitted). The burden falls on the potentially sanctioned party to prove harmlessness. *Roberts v. Galen of Virginia, Inc.* 325 F.3d 776, 782 (6th Cir. 2003).

In this case, plaintiff argues only that its "expert disclosures are fully compliant with [Rule 26]." Plaintiff offers no further explanation or justification to the Court regarding the deficiencies described above, and makes no argument to prove that the deficiencies are harmless. At plaintiff's request, the Court has already extended the plaintiff's expert disclosure and report deadline six weeks beyond its original date. Despite this extension, plaintiffs have failed to proffer the information required by Fed. R. Civ. P. 26(a)(2) – in particular, the facts and data underlying the anticipated expert testimony – in the reports they have provided.

Accordingly, defendants' motion is GRANTED. Pursuant to Fed. R. Civ. P. 37(c), plaintiff's expert reports are STRICKEN and plaintiff may not use the reports to support a motion, at a hearing, or at trial.

IT IS SO ORDERED.

Dated: December 20, 2017　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

8

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2017.

s/Shawna Burns
SHAWNA BURNS
Case Manager
