# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

50820 Schoenherr Road (FJ)
Associates, LLC,

                Plaintiff,

v.

Family Fare, LLC, and
SpartanNash Company, d/b/a
Spartan Stores, Inc.,

                Defendants.

Case No. 17-10741

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [25] AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE SUPPLEMENTAL EXPERT DISCLOSURES [26]

Before the Court are plaintiff's motion for reconsideration of the opinion and order granting defendants' motion to strike experts (Dkt. 25) and plaintiff's motion for leave to serve supplemental expert disclosures (Dkt. 26). For the reasons set forth more fully below, plaintiff's motions are DENIED.

**I. Background**

An extensive background and procedural history for this case is summarized in the Court's December 20, 2017 opinion and order granting defendant's motion to strike experts. (Dkt. 22 at 2–5.) That history is incorporated herein in its entirety. For emphasis, the Court reiterates the following key facts:

(1) The initial deadline for expert disclosures and reports was set for September 15, 2017 (Dkt. 11 at 11);

(2) Defendants notified the court of alleged deficiencies in plaintiff's expert disclosures and reports on September 22, 2017 (Dkt. 18-3);

(3) Following a status conference held on October 11, 2017,[1] the court issued an amended scheduling order which granted plaintiff an extension of more than six weeks beyond the initial deadline to submit rules-compliant expert disclosures and reports;

(4) Plaintiff, via email to the Court, informally requested an *additional* two-week extension for the expert disclosure and report deadline on October 26, 2017;

(5) The Court's case manager informed plaintiff that a request for a further extension would need to be set forth in a motion, which plaintiff did not file (Dkt. 18 at 17); and

---

[1] During the Status Conference, the Court emphasized its conclusion that the expert reports did not meet the expectations set forth in the Rules of Civil Procedure, that it took very seriously plaintiff's failure to provide timely compliant reports, and that it was – grudgingly – willing to extend the deadline for plaintiff a single time only. Plaintiff's attorney affirmed her understanding of the Court's conclusions.

(6) After receiving plaintiff's updated expert disclosures and reports on October 31, 2017, defendants filed a motion alleging that the proffered reports continued to fail to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and seeking an order under Fed. R. Civ. P. 37(c) precluding plaintiff from using the proffered reports.

On December 20, 2017, the Court issued an opinion and order granting defendants' motion "striking the reports of plaintiff's experts and precluding them from testifying pursuant to Fed. R. Civ. P. 37(c)." (Dkt. 22 at 1.) Defendants argued that the two expert reports proffered by plaintiff failed to meet the requirements of Fed. R. Civ. P. 26(a) – particularly the requirements that expert reports "must contain: (i) a complete statement of all opinions the witness will express and the basis for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them."

The Court reviewed both of the proffered reports and concluded that each failed to meet the requirements of Fed. R. Civ. P. 26(a). Specifically, the Court concluded that the first report, proffered in support of an expert opinion "regarding the market rental rate of the

subject property as of September 17, 2015" contained none of the required facts or data considered by the witness in forming his opinion. (Dkt. 22 at 6.) The Court concluded that the second report, proffered in support of an expert opinion regarding "the alleged damages and cost of repairs to the [p]remises" lacked the required facts or data to support an expert opinion regarding the cost of repairs to the premises. (*Id.* at 7.)

The Court also noted that Fed. R. Civ. P. 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or substantially justified." (*Id.*) (quoting *R.C. Olmstead Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010)) and that "[t]he burden falls on the potentially sanctioned party to prove harmlessness." (Dkt. 22 at 7) (citing *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)).

## II. Legal Standard

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will

4

result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). And "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

### III. Analysis

Plaintiff first asks the court to reconsider its decision to strike its two proffered expert reports. (Dkt. 25.) In so doing, however, plaintiff fails to identify a "palpable defect" that "will result in a different disposition of the case." Instead, plaintiff seeks to relitigate the issues of whether the proffered reports meet the requirements of Fed. R. Civ.

5

P. 26(a) and whether the failure of the reports to meet those requirements was harmless.

Because the content of the proffered reports has not changed, the Court maintains its prior conclusion that the reports do not provide the information required by Fed. R. Civ. P. 26(a), for the reasons stated in the initial order. The question plaintiff is requesting the Court to reconsider is whether it was correct in its issuing of sanctions under Fed. R. Civ. P. 37(c) – turning, therefore, on the question of whether the discovery violations were justified and/or harmless.

In its reply to defendant's underlying motion to strike, plaintiff made no argument regarding whether the discovery violations were justified or harmless, and the Court concluded that plaintiff had failed to meet its burden to so prove. (Dkt. 22 at 8.) Plaintiff now argues that the violations are harmless because (1) defendants provided a response to the report that plaintiff produced; and (2) the failure was inadvertent and can be cured because discovery is still ongoing. (Dkt. 25 at 9–10.)

The Court need not entertain plaintiff's new arguments.[2] Nonetheless, whether the Court considers the plaintiff's arguments as having been waived by failing to raise them earlier or considers them on the merits, its conclusion is the same. Plaintiff's failure to timely provide rules-compliant expert reports is neither justified nor harmless.

With respect to the question of whether the discovery violations were justified or harmless, the Court considers five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).

It is undisputed that defendant has been in possession of a version of one of plaintiff's proffered expert reports since before the litigation commenced, and that defendant has obtained its own expert report to respond to the information contained within the proffered report. The

---

[2] "It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 Fed. Appx. 473 (6th Cir. 2014) (quoting *Roger Miller Music, Inc., v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)).

Court is therefore not persuaded that the factors related to surprise or disruption of the trial weigh in favor of excluding the experts or their reports. It is also undisputed that plaintiff's theory of the case is centered on the cost of repairing alleged damages to the building and the alleged below-market rental rate at which the property was leased because of the building's condition. The Court does not doubt that plaintiff's reports related to those matters are important to the case. However, the Court is persuaded that plaintiff's complete lack of any justification for the ongoing deficiencies in the report unquestionably tips the balance in favor of excluding the experts' testimony and reports.

At the October 11, 2017 Status Conference, during which the deficiencies in plaintiff's expert reports and disclosures were a significant topic of conversation, the Court made clear that it was willing to grant one – and only one – opportunity beyond the original scheduled deadline for plaintiff to produce rules-compliant reports. Plaintiff filed expert disclosures and reports on the extended deadline, and – in response to defendants' motion to strike – the Court concluded that the reports were still non-compliant. Plaintiff has never attempted

8

to justify its inability to procure the information required by the Federal Rules in a timely manner, and as a result, the Court continues to conclude that striking the non-compliant expert reports is the appropriate sanction under Fed. R. Civ. P. 37(c).

Plaintiff now asks, in addition to asking the Court to reconsider its conclusion to permit the inclusion of the non-compliant expert testimony and reports, for the Court to grant leave for plaintiff to further amend the reports to bring them into compliance. The Court understands this to be yet another request from the plaintiff to extend the expert disclosure and report deadline in order for plaintiff to comply with Fed. R. Civ. P. 26(a). Given that the Court has *already* extended the deadline once, it declines to condone yet another "free violation" of the Federal Rules. *See R.C. Olmstead, Inc. v. CU Interface, LLC*, 608 F.3d 262, 277 (6th Cir. 2010) (Kethledge, J., concurring).

Plaintiff will not be permitted to offer the expert testimony or reports of Mr. Krentler or Mr. Laskowski as evidence on a motion, at a hearing, or at trial. Subject to the rules regarding authentication, Plaintiff is permitted to use the photographs contained within Mr.

Laskowski's report for any purpose permitted by the Federal Rules of Evidence.

## IV. Conclusion

For the reasons set forth above, plaintiff's motion for reconsideration (Dkt. 25) and plaintiff's motion for leave to amend expert disclosures (Dkt. 26) are DENIED.

IT IS SO ORDERED.

Dated: January 8, 2018　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 8, 2018.

　　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　　Case Manager